# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **LONDRES INVESTMENTS, LP,**<br>**Plaintiff** | § § § § § | |
| **v.** | § § § § | **Civil Action No.  7:17-cv-00073** |
| **PENN-AMERICA INSURANCE**<br>**COMPANY AND JOHN MCNABB,**<br>**Defendants** | § § § § § § | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Penn-America Insurance Company and John McNabb (herein, "Defendants") hereby file this Notice of Removal from the 93rd Judicial District Court for Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.  In support of this Notice, Defendants respectfully show as follows:

### *Preliminary Statement*

1.    This lawsuit involves a dispute over Penn-America's handing of Plaintiff's insurance claims for damages to its property from a storm.  In addition to the claims against Penn-America, the Petition purports to state individual claims against John McNabb.  However, as Penn-

1

prejudgment and postjudgment interest, including judgment for additional damages and punitive damages. Defendants generally deny Plaintiff's claims.

5.      The storm which allegedly damaged the Plaintiff's property occurred in or around March 26, 2015. Plaintiff thereafter submitted a claim to Penn-America against the Policy covering its property.

6.      Penn-America assigned an independent adjuster, John McNabb, to adjust the claim.

7.      Plaintiff alleges that all named Defendants were not diligent in investigating Plaintiff's loss and/or paying its claim.

### *Basis for Removal*

8.      Removal of this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff Londres Investments, LP is a Texas limited partnership with its principal place of business located in Hidalgo County, Texas. *See Plaintiff's Original Petition.*

9.      Penn-America is a Pennsylvania company with its principal place of business in Bala Cynyd, Pennsylvania. It is a wholly owned subsidiary of Penn America Group, Inc., a Pennsylvania corporation. Accordingly, Penn-America is domiciled in and a resident of Pennsylvania. *See Affidavit of Kate Wilkinson.*

10.     Defendant John McNabb is an individual residing and domiciled in the State of Texas. However, due to his improper joinder, his citizenship should be disregarded for purposes of diversity jurisdiction. Mr. McNabb is improperly joined because Plaintiff pleads insufficient facts to support any of its claims against him.

11.     There is complete diversity of citizenship between the proper parties.

12.     Citizenship of improperly joined parties, here John McNabb, is totally disregarded when determining the court's subject matter jurisdiction. The doctrine of improper joinder

3

prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.[1]

13.     A defendant may establish improper joinder by proving that the plaintiff will be unable to establish a cause of action against the non-diverse defendant in state court.[2]  Plaintiff cannot establish any cause of action asserted against John McNabb.

14.     Because John McNabb is improperly joined, and therefore his citizenship is completely disregarded, this Court has original jurisdiction over this case because it is a suit between citizens/entities of different states, and Plaintiff claims to be entitled to damages in excess of $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a). *See Plaintiff's Formal Demand Letter demanding $606,538.09 in economic damages and $500,000 in consequential damages.*

### The Removal is Procedurally Correct

15.     Penn-America Insurance Company was the first Defendant served with the Original Petition on February 16, 2017.  Therefore, this Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

16.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claim allegedly occurred in this district.

17.     Exhibit "A" to this Notice contains copies of all process and pleadings filed in the state court proceeding in Hidalgo County, Texas.

18.     This notice is filed by all Defendants and therefore all Defendants join in and consent to this Removal.

---

[1] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[2] *Travis v. Irby*, 326 F3d 644 (5th Cir. 2003).

19.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court for Hidalgo County, Texas and served upon Plaintiff through its counsel of record.

WHEREFORE, Defendants hereby request that this action be removed from the 93rd Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Dated March 10, 2017

Respectfully submitted,

/s/ Richard Kasson
RICHARD J. KASSON
State Bar No. 24002392
GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Phone: (210) 569-8500
Fax:    (210) 569-8490
rkasson@gcaklaw.com

**ATTORNEY FOR DEFENDANTS PENN-AMERICA INSURANCE COMPANY AND JOHN MCNABB**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on the

following counsel of record by the court's electronic filing system and/or regular mail on March

10, 2017:

Jason M. Byrd
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660
(409) 924-0035
Email: <u>Jason@txbyrd.com</u>

Chris Tamez
TAMEZ & ORTEGON, PLLC
1009 East Expressway 83
Pharr, Texas 78577
(956) 630-0885
(956) 683-0485
Email: <u>tamezandortegon@gmail.com</u>

/s/ Richard Kasson_____
RICHARD J. KASSON

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| LONDRES INVESTMENTS, LP,<br>**Plaintiff** | §<br>§<br>§ | |
| **v.** | §<br>§ | **Civil Action No.** _____ |
| PENN-AMERICA INSURANCE<br>COMPANY AND JOHN MCNABB,<br>**Defendants** | §<br>§<br>§<br>§ | |

**AFFIDAVIT OF KATE WILKINSON**

COMMONWEALTH OF *Pennsylvania*                §
                                                                                §
COUNTY OF *Montgomery*                              §

BEFORE ME, the undersigned authority, on this day personally appeared KATE WILKINSON, who, being by me duly sworn, deposed as follows:

"My name is KATE WILKINSON. I am over the age of eighteen (18) years, of sound mind, and competent to make this affidavit. I have never been convicted of a felony nor a misdemeanor involving moral turpitude. I am the Director of Claims for Global Indemnity Group, Inc., of which Penn-America Insurance Company is one of its subsidiary insurance companies, and I have personal knowledge of the facts herein stated and they are true and correct.

Penn-America Insurance Company is incorporated in Delaware with its principal place of business in Pennsylvania. Penn-America Insurance Company is not a citizen of Texas."

Further, Affiant sayeth naught.

SIGNED this *9th* day of March, 2017.

                                        _____
                                        KATE WILKINSON
                                        Director of Claims - Global Indemnity Group, Inc.

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the *9th* day of March, 2017, witness my hand and seal of office.

                                        _____
                                        Notary Public, Commonwealth of *Pennsylvania*

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Joan Greco, Notary Public
Lower Merion Twp, Montgomery County
My commission expires November 15, 2019

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0534-17-B

| | | |
|---|---|---|
| **LONDRES INVESTMENTS, LP** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **PENN-AMERICA INSURANCE** | § | |
| **COMPANY and JOHN MCNABB** | § | |
| | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LONDRES INVESTMENTS, LP Plaintiff herein, who files this Original Petition against the Defendant, PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB and for cause of action would respectfully show the court as follows:

### A. Discovery Control Plan

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### B. Parties

2.      Plaintiff LONDRES INVESTMENTS, LP Texas limited partnership with its principal place of business located in Hidalgo County, Texas.

3.      Defendant PENN-AMERICA INSURANCE COMPANY is an insurance company registered to engage in the business of insurance in the State of Texas. This Defendant is located at 3 Bala Plaza East, Suite 300, Bala Cynwyd, PA 19004. As this Defendant has not designated a Registered Agent in Texas, please issue citation to be served on the Texas Commissioner of Insurance, by certified mail, return receipt requested, at 333 Guadalupe, Austin, TX 78701.

1

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0534-17-B**

4.     Defendant, JOHN MCNABB is a licensed Texas insurance adjuster who may be served with process by certified mail, return receipt requested at 209 Frio Dr., Portland, TX 78374.

### C. Jurisdiction

5.     The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6.     The Court has jurisdiction over Defendants PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB because Defendants are citizens of the State of Texas and/or engage in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas.

### D. Venue

7.     Venue is proper in Hidalgo County, Texas because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

8.     Plaintiff was the owner of **Texas Commercial Policy number PAC7061974** issued by PENN-AMERICA INSURANCE COMPANY Defendant, (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located 1900 S. 38th St., McAllen, Texas.

9.     Defendant PENN-AMERICA INSURANCE COMPANY sold the policy, insuring the property that is the subject of this lawsuit, to Plaintiff. The Plaintiff suffered a significant loss with respect to the property as a result of wind and/or hail.

10.     Plaintiff submitted a claim to Defendant with date of loss March 26, 2015 for wind and/or hail damage to the building and contents of the property.

2

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

11.     Defendants assigned claim number **15004501** to Plaintiff's claim.

12.     Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage. Specifically, Defendant JOHN MCNABB represented to Plaintiff that the damages were not covered and to the extent they were covered by the policy, they did not exceed the deductible. This misrepresentation of damages in contradiction to the policy benefits forced the Plaintiff to cover all of the cost of repairs out of pocket despite the existence of indemnity under the policy or file suit to recover cost of repairs owed.

13.     Defendants improperly paid Plaintiff's claim for replacement of the property by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

14.     Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants.  Such conduct constitutes breach of the insurance contract between Defendants and Plaintiff.

15.     Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

16.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct

3

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0534-17-B**

constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(2).

17.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff claim. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(3).

18.     Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(4).

19.     Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.   Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(7).

20.     Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen

4

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

(15) days of receiving notice of Plaintiff claims. Defendants' conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.055.

21.     Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.056.

22.     Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.055.

23.     From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

24.     As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

25.     Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

## F.  Causes of Action

### Causes of Action Against Defendants

26.     Defendant, PENN-AMERICA INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act,* and intentional breach of good faith and fair dealing.  Defendant, JOHN MCNABB, is liable to Plaintiff for intentional violations of the *Texas Unfair Competition and Unfair Practices Act, and the Texas Prompt Payment of Claims Act.*

### G. Breach of Contract

27.     Defendant PENN-AMERICA INSURANCE COMPANY's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

28.     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### Violations of the Texas Insurance Code

### Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"

29.     Defendants,   PENN-AMERICA   INSURANCE   COMPANY   and   JOHN MCNABB's conduct constitute multiple violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

6

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

30.     Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

33.     Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

**Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"**

35.     Defendants, PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB's conduct constitute multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36.     Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37.     Defendants' delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

**Breach of the Duty of Good Faith and Fair Dealing**

38.     Defendant PENN-AMERICA INSURANCE COMPANY conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

39.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

8

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

## H. Knowledge and Intent

40.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

## I. Texas Deceptive Trade Practices Act

41.     Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42.     At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant, PENN-AMERICA INSURANCE COMPANY. Defendant, PENN-AMERICA INSURANCE COMPANY has violated the Texas Deceptive Trade Practices Act in the following manners:

    a.      Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b.      Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c.      Advertising goods or services with intent not to sell them as advertised;

    d.      Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

    e.      Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

    f.      Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

    g.      Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such

9

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

h.      Engaging in an unconscionable course of conduct.

### J. Damages and Prayer

44.      WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, LONDRES INVESTMENTS, LP complains of PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

45.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

46.      For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claims, together with attorney's fees.

47.      For noncompliance with the *Texas Unfair Competition and Unfair Practices Act*, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE ANN. Section 541.060.

48.      For noncompliance with *Texas Prompt Payment of Claims Act*, Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which he may show himself to be justly entitled.

10

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0534-17-B**

49.　For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660/(409) 924-0035
ATTORNEY FOR PLAINTIFF

-AND-

CHRIS TAMEZ
State Bar No. 24033256
TAMEZ & ORTEGON, PLLC
1009 East Expressway 83
Pharr, Texas 78577
(956) 630-0885 Phone
(956) 683-0485 Fax
Email: tamezandortegon@gmail.com
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Jason M. Byrd

# THE BYRD LAW FIRM
## HOUSTON I BEAUMONT
Attorneys at Law
www.txbyrd.com

448 Orleans                                     409.924.0660 Telephone
Beaumont, Texas 77701                           409.924.0035 Facsimile

February 2, 2017

Penn-America Insurance Company
P. O. Box 532
Willow Grove, PA 19090-0532          **VIA CM/RRR AND REGULAR MAIL**

John McNabb
209 Frio Dr
Portland, TX 78374                   **VIA CM/RRR AND REGULAR MAIL**

RE:  **Date of Loss:**      **March 26, 2015**
     **Insured:**           **Londres Investments, LP**
     **Policy Number:**     **PAC7061974**
     **Claim Number:**      **15004501**
     **Property Address:**  **1900 S. 38th St., McAllen, TX 78503.**

Dear Sir:

I am working jointly with Chris Tamez and the law firm of Tamez & Ortegon on behalf of Londres Investments, LP (hereinafter referred to as "Plaintiff") in connection with claim for property damage at 1900 S. 38th St., McAllen, Texas. As you are well aware, Plaintiff made a claim against the Texas Commercial Insurance Policy. The claim was made due to substantial exterior and interior damage sustained at the building on or about March 26, 2015 as a result of wind and hail.

The claim was timely reported after the damage was discovered and the property was later inspected. During the inspection, **Penn-America Insurance Company and John McNabb** had the opportunity to visually inspect all of the damage to the interior and exterior of the property in question.

Additionally, you have full knowledge that pursuant to the subject policy, full coverage exists for damage caused by the wind and/or hail. Nevertheless, a repair estimate, which minimized the damage to the property, was drafted and only minimal payments, if any, were made under the policy despite the extensive damage.

Undoubtedly, you are aware of your liability to my client under the Texas Insurance Code, which specifically covers the unfair settlement of claims. Specifically, **Penn-America Insurance Company** is liable to Plaintiff for the following violations of the Texas Insurance 541.060.

1.      Misrepresenting and/or failing to discuss with Plaintiff, pertinent facts or policy provisions relating to coverage as an issue;

If Plaintiff's claim is not paid within sixty (60) days from the receipt of this correspondence, we would expect to recover Plaintiff's actual damages, along with damages for consequential damages including but not limited to mental anguish, prejudgment interest, attorneys' fees, and damages for the breach of the duty of good faith and fair dealing you owe Plaintiff. In addition, please be aware that recovery in the form of treble damages and additional penalties will also be sought.

This correspondence will also serve as notification that, pursuant to the Texas Civil Practice and Remedies Code 38.001, et seq., you may be required to pay reasonable attorney's fees due to your failure to perform as per the terms of the insurance contract entered into with Plaintiff. Such payments are a result of Plaintiff's retainment of our legal services to pursue his remedy for damages and would be paid in addition to the amount of a valid claim and costs.

As Plaintiff is anxious to have this matter resolved immediately, we trust you will immediately respond, in writing, to this formal demand letter. From this point forward, I am the only contact for you or your attorney regarding this matter.

If you have any questions regarding this matter or need additional information, please feel free to contact this office. However, please do not contact Plaintiff, either orally or in writing, without prior express written permission.

Sincerely,

Jason M. Byrd
For the Firm

JMB/ac

2.   Failing to acknowledge, with reasonable promptness, pertinent communications with respect to claims arising under its policy;

3.   Failing to adopt reasonable standards for prompt investigation of claims arising under its policies;

4.   Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability had become reasonably clear;

5.   Failing to provide promptly to policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement;

6.   Failing to affirm or deny coverage of a claim to a policy holder within a reasonable time after proof of loss statements have been completed; and

7.   Refusing to pay claims without conducting a reasonable investigation based upon all available information.

Plaintiff is therefore entitled to court costs and attorney's fees, as well as actual damages. Furthermore, since such acts were done knowingly, Plaintiff's damages can be trebled.

**You, JOHN MCNABB, are further notified that in accordance with Liberty Mutual Ins. Co. v Garrison Contractors, 41 Sup. Ct. J. 637 (Tex. 1998) you have individual liability separate from that of your employer for violations of the Texas Insurance Code Chapter 541. Therefore, Plaintiff will be seeking damages and compensation from you personally as well.**

The delay in payment to Plaintiff is also in violation of Texas Insurance Code Chapter 542, Sub-chapter B, thus triggering liability on your part to pay the amount of the claim, plus damages consisting of eighteen (18) percent per annum of the amount of the claim, prejudgment interest and reasonable attorney's fees.

Accordingly, on behalf of Plaintiff, demand is hereby made that within sixty (60) days from your receipt of this correspondence that the following amounts be paid:

**$606,538.09   in economic damages;**
**$500,000.00   in consequential damages, including but not limited to statutory treble damages; and**
**$148,735.10   for expenses, including attorney's fees, which you should note, would increase as this case develops.**

Please understand this demand is made in the spirit of compromise. According to our analysis, this demand represents a tremendous savings to you given your potential exposure under the Texas Insurance Code.

If Plaintiff's claim is not paid within sixty (60) days from the receipt of this correspondence, we would expect to recover Plaintiff's actual damages, along with damages for

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LONDRES INVESTMENTS, LP

## DEFENDANTS

PENN-AMERICA INSURANCE COMPANY AND JOHN MCNABB

**(b)** County of Residence of First Listed Plaintiff   Hidalgo County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason M. Byrd, Bryd Law Firm, 448 Orleans Street, Beaumont, TX 77701
Chris Tamez, Tamez & Ortegon, PLLC, 1009 E. Expressway 83, Pharr,
TX 78577; 409-924-0660 / 956-630-0885

Attorneys *(If Known)*
Richard J. Kasson
Gonzalez, Chiscano, Angulo & Kasson, PC; 210-569-8500
9601 McAllister Freeway, Suite 401, San Antonio, TX 78216

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☐ 2  U.S. Government
Defendant
- ☐ 3  Federal Question
*(U.S. Government Not a Party)*
- ☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|                                | PTF | DEF |                                                        | PTF | DEF |
|--------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State          | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State       | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange ☐ 890 Other Statutory Actions |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 196 Franchise | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1441 AND 1446

Brief description of cause:
Insurance Coverage

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
0.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:

JUDGE _____   DOCKET NUMBER _____

DATE
03/10/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ Richard J. Kasson

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

|  |  |  |
|---|---|---|
| **LONDRES INVESTMENTS, LP,**<br>**Plaintiff** | § § § § § | |
| **v.** | § § § § | Civil Action No.  7:17-cv-00073 |
| **PENN-AMERICA INSURANCE**<br>**COMPANY AND JOHN MCNABB,**<br>**Defendants** | § § § § § § | |

---

### INDEX OF DOCUMENTS

---

1. **Plaintiff's Original Petition** (filed 02/03/2017)

2. **Defendants' Original Answer** (filed 03/10/2017)

3. **Defendants' Notice of Removal** (filed 03/10/2017)

# EXHIBIT "A"

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0534-17-B

| | | |
|---|---|---|
| **LONDRES INVESTMENTS, LP** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **PENN-AMERICA INSURANCE** | § | |
| **COMPANY and JOHN MCNABB** | § | |
| | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LONDRES INVESTMENTS, LP Plaintiff herein, who files this Original Petition against the Defendant, PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB and for cause of action would respectfully show the court as follows:

### A. Discovery Control Plan

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### B. Parties

2.      Plaintiff LONDRES INVESTMENTS, LP Texas limited partnership with its principal place of business located in Hidalgo County, Texas.

3.      Defendant PENN-AMERICA INSURANCE COMPANY is an insurance company registered to engage in the business of insurance in the State of Texas. This Defendant is located at 3 Bala Plaza East, Suite 300, Bala Cynwyd, PA 19004. As this Defendant has not designated a Registered Agent in Texas, please issue citation to be served on the Texas Commissioner of Insurance, by certified mail, return receipt requested, at 333 Guadalupe, Austin, TX 78701.

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0534-17-B**

4.    Defendant, JOHN MCNABB is a licensed Texas insurance adjuster who may be served with process by certified mail, return receipt requested at 209 Frio Dr., Portland, TX 78374.

### C. Jurisdiction

5.    The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6.    The Court has jurisdiction over Defendants PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB because Defendants are citizens of the State of Texas and/or engage in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas.

### D. Venue

7.    Venue is proper in Hidalgo County, Texas because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

8.    Plaintiff was the owner of **Texas Commercial Policy number PAC7061974** issued by PENN-AMERICA INSURANCE COMPANY Defendant, (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located 1900 S. 38th St., McAllen, Texas.

9.    Defendant PENN-AMERICA INSURANCE COMPANY sold the policy, insuring the property that is the subject of this lawsuit, to Plaintiff. The Plaintiff suffered a significant loss with respect to the property as a result of wind and/or hail.

10.    Plaintiff submitted a claim to Defendant with date of loss March 26, 2015 for wind and/or hail damage to the building and contents of the property.

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

11.    Defendants assigned claim number **15004501** to Plaintiff's claim.

12.    Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage. Specifically, Defendant JOHN MCNABB represented to Plaintiff that the damages were not covered and to the extent they were covered by the policy, they did not exceed the deductible. This misrepresentation of damages in contradiction to the policy benefits forced the Plaintiff to cover all of the cost of repairs out of pocket despite the existence of indemnity under the policy or file suit to recover cost of repairs owed.

13.    Defendants improperly paid Plaintiff's claim for replacement of the property by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

14.    Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants.  Such conduct constitutes breach of the insurance contract between Defendants and Plaintiff.

15.    Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

16.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct

3

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(2).

17.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff claim. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(3).

18.     Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(4).

19.     Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(7).

20.     Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen

4

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

(15) days of receiving notice of Plaintiff claims. Defendants' conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

21.    Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.056.

22.    Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

23.    From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

24.    As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

25.    Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

## F. Causes of Action

### Causes of Action Against Defendants

26.     Defendant, PENN-AMERICA INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act,* and intentional breach of good faith and fair dealing.  Defendant, JOHN MCNABB, is liable to Plaintiff for intentional violations of the *Texas Unfair Competition and Unfair Practices Act, and the Texas Prompt Payment of Claims Act.*

### G. Breach of Contract

27.     Defendant PENN-AMERICA INSURANCE COMPANY's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

28.     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### Violations of the Texas Insurance Code

### Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"

29.     Defendants, PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB's conduct constitute multiple violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

30.     Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

33.     Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

7

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

### Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

35.     Defendants, PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB's conduct constitute multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36.     Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37.     Defendants' delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

### Breach of the Duty of Good Faith and Fair Dealing

38.     Defendant PENN-AMERICA INSURANCE COMPANY conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

39.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

## H. Knowledge and Intent

40.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

## I. Texas Deceptive Trade Practices Act

41.    Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42.    At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant, PENN-AMERICA INSURANCE COMPANY. Defendant, PENN-AMERICA INSURANCE COMPANY has violated the Texas Deceptive Trade Practices Act in the following manners:

a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

c.    Advertising goods or services with intent not to sell them as advertised;

d.    Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

e.    Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

f.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

g.    Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such

9

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0534-17-B

information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

h.    Engaging in an unconscionable course of conduct.

### J. Damages and Prayer

44.    WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, LONDRES INVESTMENTS, LP complains of PENN-AMERICA INSURANCE COMPANY and JOHN MCNABB and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

45.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

46.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claims, together with attorney's fees.

47.    For noncompliance with the *Texas Unfair Competition and Unfair Practices Act*, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE ANN. Section 541.060.

48.    For noncompliance with *Texas Prompt Payment of Claims Act*, Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which he may show himself to be justly entitled.

Electronically Filed
2/3/2017 1:49:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0534-17-B**

49.    For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660/(409) 924-0035
ATTORNEY FOR PLAINTIFF

-AND-

CHRIS TAMEZ
State Bar No. 24033256
TAMEZ & ORTEGON, PLLC
1009 East Expressway 83
Pharr, Texas 78577
(956) 630-0885 Phone
(956) 683-0485 Fax
Email: tamezandortegon@gmail.com
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Jason M. Byrd

11

Cause No. C-0534-17-B

| | | |
|---|---|---|
| **LONDRES INVESTMENTS, LP,**<br>**Plaintiff** | § § § § § | **IN THE DISTRICT COURT** |
| **v.** | § § § § | **HIDALGO COUNTY, TEXAS** |
| **PENN-AMERICA INSURANCE**<br>**COMPANY and JOHN MCNABB,**<br>**Defendants** | § § § § § § | **93RD JUDICIAL DISTRICT** |

## <u>DEFENDANTS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **PENN-AMERICA INSURANCE COMPANY AND JOHN MCNABB,** Defendants in the above-styled and numbered cause, and file this their Original Answer and in support of the same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Subject to all written stipulations, admissions or pleadings which Defendants may hereinafter make and file in this cause, Defendants generally deny the allegations contained in Plaintiff's Petition, pursuant to Rule 92, T.R.C.P. and demand strict proof thereof, to which Defendants are entitled under the laws of this State and its Constitution.

### II.

Defendants hereby demand a jury.

WHEREFORE, PREMISES CONSIDERED, Defendants, **PENN-AMERICA INSURANCE COMPANY AND JOHN MCNABB,** pray that Plaintiff take nothing by this

suit, but that these Defendants have judgment, plus costs of court, and such other and further relief to which they are entitled, either at law or in equity.

Respectfully submitted,

**GONZALEZ, CHISCANO, ANGULO & KASSON, PC**
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Tel:  (210) 569-8500
Fax:  (210) 569-8490


By: /s/ Richard J. Kasson
        RICHARD J. KASSON
        State Bar No. 24002392
        rkasson@gcaklaw.com

**ATTORNEY FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I hereby certify that on the **10th** day of **March, 2017**, in accordance with the Texas Rules of Civil Procedure, a true and correct copy of foregoing document has been forwarded to the following by fax transmission, certified mail, return receipt requested, regular mail and/or hand-delivery:

Jason M. Byrd
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660
(409) 924-0035
Email: Jason@txbyrd.com

Chris Tamez
TAMEZ & ORTEGON, PLLC
1009 East Expressway 83
Pharr, Texas 78577
(956) 630-0885
(956) 683-0485
Email: tamezandortegon@gmail.com

/s/ Richard J. Kasson
RICHARD J. KASSON

2

Cause No. C-0534-17-B

| | | |
|---|---|---|
| **LONDRES INVESTMENTS, LP,** | § | |
| **Plaintiff** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| **PENN-AMERICA INSURANCE** | § | |
| **COMPANY and JOHN MCNABB,** | § | **93RD JUDICIAL DISTRICT** |
| **Defendants** | § | |
| | § | |

---

### DEFENDANTS' NOTICE OF REMOVAL

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

PLEASE TAKE NOTICE that on March 10, 2017, Defendants Penn-America Insurance Company ("Penn-America") and John McNabb (herein, "Defendants") filed a Notice of Removal in the United States District Court for the Southern District of Texas, removing this case from the District Courts of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. A copy of the Notice of Removal that was filed in federal court is attached as *Exhibit 1*. A copy of this Notice has been sent to Plaintiff.

PLEASE TAKE FURTHER NOTICE that the Notice of Removal has been filed in accordance with the provisions of 28 U.S.C. §§ 1441, 1446 and 1446(d), and pursuant to 28 U.S.C. § 1446(d), the District Courts of Hidalgo County, Texas shall proceed no further with the above-captioned case unless and until the case is remanded.

1

Respectfully submitted,


GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Phone: (210) 569-8500
Fax:     (210) 569-8490


s/ Richard Kasson
RICHARD J. KASSON
State Bar No.  24002392
rkasson@gcaklaw.com

**ATTORNEY FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I hereby certify that on the **10th** day of **March, 2017**, in accordance with the Texas Rules of Civil Procedure, a true and correct copy of foregoing document has been forwarded to the following by fax transmission, certified mail, return receipt requested, regular mail and/or hand-delivery:

Jason M. Byrd
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660
(409) 924-0035
Email: Jason@txbyrd.com

Chris Tamez
TAMEZ & ORTEGON, PLLC
1009 East Expressway 83
Pharr, Texas 78577
(956) 630-0885
(956) 683-0485
Email: tamezandortegon@gmail.com


 s/ Richard Kasson
RICHARD J. KASSON

2